**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Manuel David Sesma,

          Petitioner,

v.

Ryan Thornell, et al.,

          Respondents.

No. CV-23-00172-TUC-JGZ

**ORDER**

Petitioner Manuel Daniel Sesma, proceeding pro se, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody ("Petition"). (Doc. 1.) Respondents filed a Limited Response. (Doc. 8.) On July 18, 2023, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") in which she recommended this Court dismiss the Petition. (Doc. 10.) Petitioner filed an Objection to the R&R (Doc. 11), and Respondents filed a response to Petitioner's Objection (Doc. 12). Petitioner then filed a reply to Respondents' response (Doc. 13), which Respondents moved to strike (Doc. 14). For the following reasons, the Court will grant Respondents' Motion to Strike, overrule Petitioner's Objections, accept Judge Rateau's R&R in full, and dismiss the Petition.

## I.      FACTUAL AND PROCEDURAL HISTORY

The R&R details the factual and procedural history of this case. (Doc. 30 at 2–6.) Because neither party objected to this portion of the R&R, the Court will adopt it in its entirety. For purposes of this Order, the Court briefly summarizes the factual and

procedural history as follows.

**Petitioner's Conviction and Sentencing**

In 2015, Petitioner was arrested and charged with three counts of aggravated assault. (Doc. 10 at 2.) Thereafter, he posted bond and was released. (*Id.*) In 2017, while awaiting trial on the 2015 charges, Petitioner was arrested and charged with attempted first-degree murder, four counts of aggravated assault, and kidnapping. (*Id.* at 3.) The 2015 and 2017 cases were consolidated and, following a jury trial, Petitioner was convicted of all charges. (*Id.*) The trial court sentenced him to a combination of concurrent and consecutive sentences totaling 28 years' imprisonment. (*Id.*)

**Direct Appeal**

In September 2019, Petitioner appealed his convictions and sentences through counsel to the Arizona Court of Appeals. (Doc. 8-1 at 3.) Petitioner argued on appeal that the trial court misapplied the Arizona Rules of Evidence and violated the Confrontation Clause when it admitted hearsay at trial. (*Id.* at 9.) The appellate court affirmed Petitioner's convictions and sentences finding the trial court did not abuse its discretion or commit fundamental error in admitting the contested statements. (*Id.* at 89, 91.)

**Post-Conviction Relief Proceedings**

In September 2021, Petitioner, through counsel, filed a Petition for Post-Conviction Relief ("PCR"). (Doc. 8-1 at 109-120.) Petitioner asserted: (1) his trial counsel was ineffective for failing to move for a mistrial when F.L. was permitted to testify after the trial court had deemed her unavailable and played her preliminary hearing testimony for the jury, and (2) his appellate counsel was ineffective on appeal in failing to raise trial counsel's ineffectiveness at trial. (*Id.* at 116.)

The PCR court denied relief finding trial counsel was not deficient for failing to move for a mistrial because F.L.'s prior testimony was properly admitted by the trial court and did not violate the Confrontation Clause. (*Id.* at 159.) Additionally, the PCR court rejected Petitioner's argument that his appellate counsel was ineffective finding, "appellate counsel exercised her professional judgment in choosing which issues she thought were

1    meritorious." (*Id.* at 163.)

2            **Petition for Review**

3            In December 2022, Petitioner, through counsel, filed a Petition for Review of the

4    trial court's denial of his PCR petition. (*Id.* at 166-185.) Petitioner argued that the trial

5    court erred in rejecting his claims of ineffective assistance of trial and appellate counsel.

6    (Doc. 8-1 at 189.) On March 8, 2023, the Arizona Court of Appeals granted review but

7    denied relief because Petitioner "provided no evidence and cited no authority suggesting

8    competent counsel would have moved for a mistrial or objected" when the victim appeared

9    on the fifth day of trial and testified. (*Id.* at 189-90.) The appellate court did not address

10   Petitioner's argument that the trial court erred in rejecting his claim that his appellate

11   counsel should have raised the issue on appeal because Sesma "ha[d] developed no

12   argument that this claim would have prevailed on appeal." (*Id.* at 190.)

13           **Habeas Proceeding**

14           Petitioner filed the instant Petition on April 13, 2023, alleging three grounds for

15   relief. (Doc. 1.) In Ground One, Petitioner asserts a double-jeopardy claim, alleging the

16   "crime was committed on one date one act sentenced to consecutive terms[.]" (*Id.* at 5.) In

17   Ground Two, Petitioner asserts the "state committed invited error by playing recording of

18   testimony then allowing 'victim' to testify in-person 5 days later." (*Id.* at 7.) In Ground

19   Three, Petitioner asserts ineffective assistance of counsel ("IAC"), alleging trial "counsel

20   failed to object to consecutive sentences [and] failed to object to petitioner illegally

21   sentenced[.]" (*Id.* at 8.)

22   **II.    RESPONDENTS' MOTION TO STRIKE REPLY**

23           Petitioner filed an Objection to Magistrate Judge Rateau's R&R recommending

24   dismissal of the Petition. (Doc. 11.) Respondents filed a Response to Petitioner's

25   Objection. (Doc. 12.)  Petitioner then filed a Response to Respondents' Response. (Doc.

26   13.) Respondents filed a Motion to Strike Petitioner's "Response" as improper under Rule

27   72 of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of Civil

28   Procedure. (*See* Doc. 14.) The Court will grant the motion to strike.

Rule 72(b)(2), Federal Rules of Civil Procedure, provides: "Within 14 days after being served with a copy of the [R&R], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Rule 72 provides only for an objection by a party who disagrees with some aspect of the R&R, and a response to that objection by the opposing party. It does not allow for a reply to the response or supplemental briefing. Magistrate Judge Rateau's R&R clearly informed Petitioner of the applicable rule in its concluding paragraph, stating:

> Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply shall be filed unless leave is granted by the district court.

(Doc. 10 at 14-15.)

## III.    R&R STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019).

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   ANALYSIS

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state-court conviction. (Doc. 1.) Section 2254 permits granting a writ of habeas corpus in only specific circumstances. A petition must not be granted "unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A) (subject to certain exceptions that allow Petitioner to come overcome his failure to exhaust in state court). Even where the petitioner has exhausted state-court remedies, a district court cannot grant relief unless the state conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). An unreasonable application of law must be "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Instead, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 420. Having reviewed the Petition, briefing, and record, this Court finds Petitioner's claims were not exhausted at the state level and are procedurally defaulted, and, even if Petitioner's claims were not procedurally barred, his state conviction did not involve an unreasonable application of clearly established Federal law.

### A.   First Objection – Double Jeopardy (Ground One)

In Ground One of his Petition, Petitioner argues that his conviction violated the Fifth Amendment's Double Jeopardy Clause because he was sentenced to consecutive terms for a "crime [that] was committed on one date one act." (Doc. 1 at 5.) Ground One is procedurally defaulted and meritless.

The R&R concludes that Petitioner's double jeopardy claim is procedurally defaulted and precluded from habeas review because: (1) it was not presented to the state court during direct appeal or PCR proceedings; (2) Arizona procedural rules preclude Petitioner from returning to state court to exhaust this claim in a Rule 32 proceeding; and (3) Petitioner did not show cause or actual prejudice prevented him from timely raising the

issue. (Doc. 10 at 12-13.) Petitioner objects to the Recommendation, arguing he properly presented this claim in state court through pro se filings. (Doc. 11 at 9.)

The record shows that Petitioner filed a Motion to Notify/Appeal Double Jeopardy Sentence on August 10, 2022, in Pima County Superior Court. (Doc. 1-2 at 2.) However, Petitioner filed this pro se motion when he was represented by counsel. In a ruling dated August 18, 2022, the trial court advised Petitioner that it would take no action on his pro se Motion to Appeal/Notify Double Jeopardy Sentence unless counsel filed a separate motion. (Doc. 1-1 at 59.) Nothing in the record indicates that counsel filed a separate motion raising a double jeopardy claim or that Petitioner's motion was considered by the trial court. Thus, Petitioner failed to properly present this claim: Petitioner's effort to exhaust his double jeopardy claim through his pro se motion was ineffective.

Nonetheless, even if Petitioner's claim was not procedurally barred, it is meritless. The Double Jeopardy Clause of the Fifth Amendment prohibits anyone from being prosecuted twice for substantially the same crime. U.S. CONST. amend. V. The imposition of consecutive sentences for two distinct crimes charged in one indictment does not violate double jeopardy. *See United States v. Richards*, 52 F.4th 879 (9th Cir. 2022) (no Double Jeopardy Clause violation where defendant possessed two distinct firearms in different places on different occasions); *United States v. Cazares-Cazares*, 68 F. App'x 793, 794 (9th Cir. 2003) (defendant's consecutive sentences did not violate the Double Jeopardy Clause because the sentences punished two separate crimes).

Petitioner's claim that he was sentenced to consecutive terms for a crime that was committed on "one date" as "one act" is factually inaccurate. (*See* Doc. 1 at 5.) Petitioner was charged for crimes that were committed in 2015 and 2017. His two cases were consolidated and, after conviction by jury, Petitioner was sentenced to a combination of concurrent and consecutive sentences. (Doc. 1-1 at 10.) The trial court ordered Petitioner to serve all sentences stemming from the 2015 crimes concurrently and to serve all sentences stemming from the 2017 crimes concurrently. (Doc. 1-3 at 18.) The trial court ordered the sentences for the 2015 crimes and the 2017 crimes to run consecutively. (*Id.*)

1
2
3
4

In other words, Petitioner received consecutive terms based on his convictions for crimes he committed on two separate dates. Thus, Petitioner's sentence does not violate the Double Jeopardy Clause.

**B.  Second Objection – Invited Error (Ground Two)**

5
6
7
8
9
10
11
12
13
14

In Ground Two, Petitioner claims that "the state committed invited error by playing recording of testimony then allowing the 'victim' to testify in person 5 days later." (Doc. 1 at 7.) The R&R recommends dismissing this claim on multiple grounds. First, the R&R concludes that this claim does not allege a violation of the U.S. Constitution or law or treaties of the United States and thus fails to assert a basis for federal habeas relief. (Doc. 10 at 7.) Second, the R&R finds that even if the claim was cognizable, it is procedurally defaulted because: (1) it was not presented to the state court during direct appeal or PCR proceedings; (2) Arizona procedural rules preclude Petitioner from returning to state court to exhaust this claim in a Rule 32 proceeding; and (3) Petitioner did not show cause or actual prejudice prevented him from timely raising the issue. (*Id.* at 12-13.)

15
16
17
18

In his Objection to the R&R, Petitioner asserts that his argument is based on the Confrontation Clause of the Sixth Amendment (Doc. 11 at 15), and that he exhausted the claim when he filed a Motion for Writ of Error to Cross Appeal in the Pima County Superior Court in 2022 (Doc. 9-3 at 24).

19
20
21
22
23
24
25
26
27
28

The record shows that Petitioner filed a pro se "Writ of Error/Cross Appeal of July 14, 2022, Ruling" in the Pima County Superior Court on August 10, 2022, in which he claimed the trial court violated the Confrontation Clause by allowing F.L. to take the stand after she had been deemed "unavailable" and her preliminary hearing testimony had been played for the jury. (Doc. 9-3 at 24.) However, Petitioner was represented by counsel at the time he filed this motion. In a September 19, 2022, ruling, the Pima County Superior Court declined to hear or rule on Petitioner's pro se filings while he was represented by counsel because "a defendant who is represented by counsel is not entitled to hybrid representation." (Doc. 9-2 at 29.) Thus, because the state court did not hear or rule on Petitioner's motion and because the record does not indicate that counsel raised the claim

in a separate petition, Petitioner failed to exhaust his "invited error" claim.

Moreover, even if the claim was not procedurally defaulted, it is meritless. First, for purposes of the "invited error doctrine," a defendant invites error when he induces or causes the error of which he complains. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc). Examples of "invited error" include a defendant proposing jury instructions that he later alleges were flawed, *id.* at 844, defense counsel eliciting a statement on cross-examination that he later argues should have been excluded, *see United States v. Reyes-Alvarado,* 963 F.2d 1184 (9th Cir. 1992), and defense counsel offering into evidence a document that he challenges as inadmissible on appeal, *Johnson v. I.N.S.*, 971 F.2d 340, 343-44 (9th Cir. 1992). Petitioner has no basis for claiming "invited error." Here, the testimony of which Petitioner complains was not introduced by the defense.

Second, to the extent Petitioner alleges a Confrontation Clause claim, the trial court did not violate Petitioner's constitutional rights by permitting F.L. to testify in person after her preliminary testimony had already been played for the jury. The Confrontation Clause requires that a criminal defendant have the opportunity to cross-examine witnesses against him. U.S. CONST. amend. VI. The admission of F.L.'s prior testimony satisfied Confrontation Clause requirements because F.L. was unavailable and Petitioner had the opportunity to cross-examine her at the preliminary hearing. (*See* Doc. 1-3 at 6.) Further, defense counsel had the opportunity to, and did, cross-examine F.L. when she took the stand to testify on the fifth day of trial. (*Id.* at 7.) Therefore, neither the admission of the preliminary hearing recording nor the allowance of F.L.'s in-person testimony violated the Confrontation Clause.

Third, to the extent Petitioner's claim is construed as an IAC claim, this Court finds the claim was properly analyzed and dismissed by the superior court.[1] Applying the

---

[1] Although Petitioner did not present his "invited error" claim on appeal, he presented two related claims of IAC: (1) trial counsel was ineffective for failing to object when F.L. appeared to testify after her preliminary hearing testimony had already been played for the jury, and (2) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal. (Doc. 1-3 at 18–22.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Strickland* Test, the Pima County Superior Court found Petitioner's claims were without merit and denied relief. (Doc. 1-3 at 18–22.) *Strickland* established a two-part test for evaluating claims of IAC. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Courts will reverse a conviction or sentence due to IAC only when the defendant shows both that: (1) counsel's performance was objectively unreasonable under all of the circumstances; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687–88, 694. With respect to the first IAC claim, the court found trial counsel's performance was not deficient because the decision not to object to F.L.'s appearance, but rather to cross-examine and impeach F.L., could have been a tactical decision, and, even if counsel's performance had been deficient, it was not harmful because the jury had the opportunity to "assess [F.L.'s] credibility." (Doc. 1-3 at 5, 7.) Regarding Petitioner's second IAC claim, the court held that appellate counsel exercised her professional judgment in deciding which issues were meritorious to raise on appeal. (*Id.* at 8.) Since there was "no error in the admission of the victim's prior testimony," Petitioner failed to show that appellate counsel acted unreasonably by not raising the issue on appeal. (*Id.* at 8–9.) Upon review, this Court finds there was no misapplication of clearly established Federal law.

Accordingly, the Court concludes Petitioner's claim that the trial court "invited error" by allowing F.L. to testify on the fifth day of trial after her preliminary hearing testimony was presented to the jury is procedurally defaulted. Further, even if it was not procedurally defaulted, the claim is meritless. The Court will therefore overrule Petitioner's Objections to the R&R's Ground Two conclusions.

### C. Third Objection – Ineffective Assistance of Counsel (Ground Three)

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to object to consecutive sentences and "illegal sentencing." (Doc. 1 at 8.) The R&R concludes that this IAC claim is procedurally defaulted and precluded from habeas review because: (1) it was not presented to the state court during direct appeal or PCR proceedings; (2) Arizona procedural rules preclude Petitioner from returning to state court to exhaust the

claim in a Rule 32 proceeding; and (3) Petitioner did not show cause or actual prejudice prevented him from timely raising the issue. (Doc. 10 at 12–13.) The Court agrees with the Magistrate Judge's conclusions as to Ground Three.

Petitioner's claim is procedurally barred: nothing in the record indicates that Petitioner raised an IAC claim for failure to object to consecutive sentences at the state court level.[2] Moreover, the claim is meritless because counsel's "fail[ure] to object to consecutive sentences" does not constitute IAC. (*See* Doc. 1 at 8.) Applying the first prong of *Strickland*, defense counsel did not act "objectively unreasonably" when he chose not to object to consecutive sentences; there was no basis on which to object. *See Strickland,* 466 U.S. at 687. As explained above, the trial court lawfully imposed consecutive sentences for two distinct crimes. Further, two other attorneys reviewed Petitioner's case for the purposes of direct appeal and post-conviction relief and neither identified "illegal sentencing" as an appealable error, which is not surprising, given that the sentences were lawfully imposed.

Accordingly, Petitioner's IAC claim based on trial counsel's failure to object to consecutive sentences is procedurally barred. And, even if the claim was not procedurally barred, the claim is meritless because Petitioner's counsel had no basis for objecting to the sentences imposed by the trial court.

### D. Magistrate Judge Jurisdiction

Lastly, Petitioner objects to the R&R on the ground that the Magistrate Judge did not have "consent" to preside over his case and no "notice" was given to petitioner. (Doc. 11 at 1.) The Court will overrule this objection.

A magistrate judge does not need a party's consent to issue a R&R on the disposition of a case to the district court. A magistrate's authority is governed by 28 U.S.C. § 636, which permits a "magistrate judge [to] hear and determine nondispositive matters but not dispositive ones." *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015). On

---

[2] The only IAC claim raised by petitioner was related to the admission of F.L.'s testimony. (*See* Doc. 1-3 at 18–22.)

dispositive matters, the magistrate judge is limited to "issuing a report and recommendation to the district court, which then must undertake de novo review." *Id.* Moreover, the Court's Local Rules of Civil Procedure require magistrate judges to review "all petitions for writs of habeas corpus" and "submit reports and recommendations thereon to facilitate the decisions of the District Judge having jurisdiction . . . ." LRCiv 72.1, 72.2. Here, pursuant to 28 U.S.C. § 636 and the Local Rules of Civil Procedure, Petitioner's Petition for Writ of Habeas Corpus was appropriately referred to Magistrate Judge Rateau. Petitioner was given notice of this referral on April 14, 2023, in a filing entitled "Notice of Assignment." (Doc. 2.) Judge Rateau submitted a report and recommendation on the disposition of the case to Judge Zipps, the assigned District Court Judge, recommending that the Petition be dismissed. The District Court has now independently reviewed the record and Judge Rateau's recommendation.

## V.   CONCLUSION

For the foregoing reasons, Petitioner has failed to demonstrate that his conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(b)(1)(A). Petitioner's habeas claims were not exhausted and are procedurally defaulted. Further, Petitioner's claims are without merit.

Accordingly,

**IT IS ORDERED** Respondents' Motion to Strike (Doc. 14) is **granted**. The Clerk shall strike Petitioner's "Response to Jason P. Gannon to Sesma's Objections to Magistrate REPORT AND RECOMMENDATION by Petitioner Manuel David Sesma." (Doc. 13.)

**IT IS FURTHER ORDERED** the Report and Recommendation is accepted in full and that Petitioner's Objections are overruled.

**IT IS FURTHER ORDERED** the Petition (Doc. 1) is **dismissed**. The Clerk of the Court shall enter judgment and **close this case**.

//

//

- 11 -

1

2      **IT IS FURTHER ORDERED** under Rule 11(a) of the Rules Governing Section

3   2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate

4   of appealability because reasonable jurists could not "debate whether (or, for that matter,

5   agree that) the petition should have been resolved in a different manner or that the issues.

6          Dated this 18th day of December, 2023.

7

8

9                                                     Jennifer G. Zipps
                                                   United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28